JL

WO

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Douglas M. Boldt, | No.    CV-24-08082-PCT-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Debra R. Phelan, et al., | |
| Defendants. | |

On April 25, 2024, Plaintiff Douglas M. Boldt, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and subsequently paid the filing and administrative fees. Plaintiff has also filed a Motion to Direct Answer to Complaint (Doc. 6) and two Motions for Status (Docs. 9, 10.) The Court will grant the Motions for Status insofar as this Order updates Plaintiff on the status of this case, deny the Motion to Direct Answer, and dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

JDDL

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II. Background

To provide context for Plaintiff's allegations, the Court sets forth the following background:

On May 30, 2001, Plaintiff was indicted on one count of child abuse and one count of felony murder as a result of the death of his infant daughter. *Boldt v. Schriro*, CV-06-01996-PCT-ECH (Doc. 44.)  On June 28, 2001, the State filed notice of its intention to seek the death penalty. (*Id.*)  On February 6, 2002, Plaintiff entered into a plea agreement. (*Id.*)  In exchange for Plaintiff's guilty plea to felony murder, the State agreed not to seek the death penalty to dismiss the charge of child abuse. (*Id.*)  Plaintiff admitted at the change of plea hearing that he "snapped" when he could not get his daughter to stop crying and, although he knew she might be injured, he intentionally threw her into her crib "with great force" twice in a matter of minutes, causing her head to strike the wooden crib each time; he then waited more than an hour to seek medical attention for her, and she died. *State v. Boldt*, 2017 WL 4129294, at *1 (Ariz. Ct. App. Sept. 19, 2017).  Plaintiff later asked to withdraw from the plea, asserting that his daughter's death was accidental, her injuries were inconsistent with the structure of the crib, and his statements to the contrary at the change of plea hearing were lies suggested by his attorney. *Id.*  The trial court denied the request to withdraw from the plea. *Id.*  On April 1, 2002, the trial court sentenced Plaintiff to imprisonment for the remainder of his natural life.  (Doc. 44 in CV-06-01996.)

In his of-right petition for post-conviction relief, Plaintiff asserted that his daughter's injuries were not consistent with the physical construction of the crib. *See State v. Boldt*,  On August 14, 2006, Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court.  (Doc. 1 in CV-06-01996.)  On March 12, 2008, the Magistrate Judge issued a Report and Recommendation that the Court dismissed the Amended Petition.  (Doc. 44 in CV-06-01996.)  On June 15, 2009, the Court adopted the Report and Recommendation and denied and dismissed the Amended Petition with prejudice.  (Doc. 61 in CV-06-01996.)  The Court subsequently denied Plaintiff's Request for Certificate of Appealability.  (Doc. 65 in CV-06-01996.)  Plaintiff appealed, and on January 28, 2011, the Ninth Circuit Court of Appeals denied Plaintiff's Request for a Certificate of Appealability.  (Doc. 68 in CV-06-01996.)

Plaintiff again unsuccessfully sought post-conviction relief in the trial court and the Arizona Court of Appeals.  In his seventh successive petition for post-conviction relief, Plaintiff claimed he had newly discovered evidence that the State did not examine the crib, never admitted the crib into evidence, and does not now possess the crib, and he claimed that the crib (if examined) would have shown that the victim's injuries were not consistent with the physical properties of the crib, establishing his actual innocence.  *State v. Boldt*, 2017 WL 4129294, at *1 (Ariz. Ct. App. Sept. 19, 2017).  The Arizona Court of Appeals granted review but denied relief, concluding that the structure of the crib and any inconsistencies between the crib and the victim's injuries were known and explored during the initial plea and presentencing proceedings, and the State's purported failure to retain or examine the crib did not constitute newly discovered evidence.  *Id.*

Plaintiff filed three more petitions for post-conviction relief in the trial court, all of which the court dismissed.  Most recently, on June 6, 2024, Plaintiff filed a petition for post-conviction relief.[1]  The status of the petition is unclear.

## III.   Complaint

In his Complaint, Plaintiff sues Arizona Attorney General Kris Mayes, Yavapai County Superior Court Judge Debra R. Phelan, and Yavapai County Attorney Dennis McGrane.  Plaintiff asserts that in 2002, he was pressured by his defense attorney into pleading guilty to first-degree felony murder following the death of Plaintiff's three-month old daughter.  He claims his daughter's death was an accident and that he lied during the plea colloquy by stating that he had thrown his daughter against a crib.  Plaintiff alleges that the State never examined the crib to determine whether it matched the injuries to his daughter's head, and to this day, the crib has not been examined.  Plaintiff asserts that he has "repeatedly told the courts that he lied about throwing his daughter in her crib and that his felony murder conviction is based on a false confession."  Plaintiff contends Defendants have refused to grant him an evidentiary hearing, in violation of the Sixth and Fourteenth

---

[1]  *See*  https://apps.azcourts.gov/publicaccess/caselookup.aspx  (search by case number CR-20010395 in Yavapai County Superior Court) (last accessed Sept. 23, 2024).

Amendments.  He seeks "a full and fair post conviction evidentiary hearing with help from a court appointed lawyer or assistant."

**IV.    Failure to State a Claim**

Under the Rooker-Feldman doctrine,[2] "a state-court decision is not reviewable by lower federal courts." *Skinner v. Switzer*, 562 U.S. 521, 532, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011).  This doctrine bars a federal district court from exercising subject matter jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Morrison v. Peterson*, 809 F.3d 1059, 1069–70 (9th Cir. 2015) (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)).

To determine whether an action functions as a de facto appeal, the Court "'pay[s] close attention to the relief sought by the federal-court plaintiff.'" *Cooper*, 704 F.3d at 777–78 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).  A "forbidden de facto appeal under *Rooker-Feldman*" arises "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).  But *Rooker-Feldman* "does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to issues aired in state court, was not the subject of a previous judgment by the state court." *Cooper*, 704 F.3d at 778 (quoting *Skinner*, 562 U.S. at 532). Thus, "a statute or rule governing the [state court's] decision may be challenged in a federal action." *Skinner*, 562 U.S. at 532, 131 S.Ct. 1289.

"Where a federal plaintiff complain[s] of harm caused by a state court judgment that directly withholds a benefit from him based on an allegedly erroneous ruling by that court, the jurisdictional inquiry hinges on whether the constitutional claims presented to the district court are inextricably intertwined with the state court's [ruling]." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (internal quotation marks and citation omitted). "Claims are inextricably intertwined if 'the relief requested in the federal action would

---

[2] This doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1   effectively reverse the state court decision or void its ruling.'" *Id.* (quoting *Cooper*, 704

2   F.3d at 779).

3         Here, Plaintiff asks this Court to order the trial court to grant him an evidentiary

4   hearing to present evidence regarding claims that the state courts have repeatedly rejected.

5   Plaintiff's claim "'is a pure horizontal appeal of the state court's decision.'" *Id.* (quoting

6   *Cooper*, 704 F.3d at 779." The Court therefore lacks subject matter jurisdiction over the

7   Complaint, and it will be dismissed. Because the Court lacks subject matter jurisdiction

8   over the Complaint, Defendants are not required to answer it, and Plaintiff's Motion to

9   Direct Answer to Complaint will be denied.

10  **V.    Leave to Amend**

11        For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to

12  state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a

13  first amended complaint to cure the deficiencies outlined above. The Clerk of Court will

14  mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff

15  fails to use the court-approved form, the Court may strike the amended complaint and

16  dismiss this action without further notice to Plaintiff.

17        Plaintiff must clearly designate on the face of the document that it is the "First

18  Amended Complaint." The first amended complaint must be retyped or rewritten in its

19  entirety on the court-approved form and may not incorporate any part of the original

20  Complaint by reference. Plaintiff may include only one claim per count.

21        A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*,

22  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

23  1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint

24  as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the

25  original Complaint and that was voluntarily dismissed or was dismissed without prejudice

26  is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693

27  F.3d 896, 928 (9th Cir. 2012) (en banc).

28

JDDL

1   **VI.   Warnings**

2          **A.   Address Changes**

3          Plaintiff must file and serve a notice of a change of address in accordance with Rule

4   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

5   relief with a notice of change of address.  Failure to comply may result in dismissal of this

6   action.

7          **B.   Possible Dismissal**

8          If Plaintiff fails to timely comply with every provision of this Order, including these

9   warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

10  at 1260-61 (a district court may dismiss an action for failure to comply with any order of

11  the Court).

12  **IT IS ORDERED:**

13         (1)    Plaintiff's Motions for Status Update (Docs. 9, 10) are **granted** insofar as

14  this Order updates Plaintiff on the status of this case.  In all other respects, the Motions are

15  **denied**.

16         (2)    Plaintiff's Motion to Direct Answer to Complaint (Doc. 6) is **denied**.

17         (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

18  has **30 days** from the date this Order is filed to file a first amended complaint in compliance

19  with this Order.

20         (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

21  Court must, without further notice, enter a judgment of dismissal of this action without

22  prejudice and deny any pending unrelated motions as moot.

23  . . . .

24  . . . .

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1        (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2  rights complaint by a prisoner.

3        Dated this 1st day of October, 2024.

 

 

 

 

James A. Teilborg
Senior United States District Judge

### Instructions for a Prisoner Filing a Civil Rights Complaint
### in the United States District Court for the District of Arizona

1.  Who May Use This Form.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  Your Signature.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.   The total fees for this action are $455.00 ($350.00 filing fee plus $55.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  Where to File.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $455 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/23

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>OR</td><td>Tucson Division:</td></tr>
</table>

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona   85003-2119                      Tucson, Arizona   85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:    _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  Counts.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.   State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

        Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

        Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
        (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
                                (Position and Title)                                                     (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
                                (Position and Title)                                                     (Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
                                (Position and Title)                                                     (Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
                                (Position and Title)                                                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property    ☐ Exercise of religion   ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety          ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes          ☐ No
b.    Did you submit a request for administrative relief on Count II?          ☐ Yes          ☐ No
c.    Did you appeal your request for relief on Count II to the highest level?          ☐ Yes          ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail             ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____

_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                    DATE                                   SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.